# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-2008
_____

Elijah and Mary Stiny Trusts

*In Re: - Appellee*

G.S. Brant Perkins, as co-trustee of the Elijah G. and Mary Moore Stiny Survivor's Trust and co-trustee of the Elijah G and Mary Moore Stiny Exemption Trust; Chris Beauchamp, personal representative for the Estate of Rena Wood, for Jason Wood, successor to Rena Wood

*Petitioners - Appellees*

v.

Eli Stiny; Andrew Stiny; Alexis Stiny; Christopher Sorley; Alison Sorley; Elijah Nicholas Stiny; Georgia Elizabeth Stiny Ratzenberger; Nina Ratzenberer Papadakis; James Ratzenberger; Julianne Stiny; Patricia Alice Stiny Wynne Sorley; John Moore; Jason Baker; Jessica Baker; Chadd Baker Moore; Corbyn Martin; Sterling Martin; Sheela L. Martin; Ian Moore; Peoples Faith Tabernacle

*Respondents - Appellees*

Helen Robins; Wesley Gates, Special Administrator of the Estate of Joann Gates Harris; Linda Davis; Joyce Roberts; Janet Brand; Peggy Miles; Tom Moore; Vernon Moore

*Respondents - Appellants*

Chatel Lynn Singh; Summer D'Nea Oldenburg; Carissa Hope Oldenburg

*Respondents - Appellees*
_____

Before COLLOTON, Chief Judge, SHEPHERD and ERICKSON, Circuit Judges.
_____

ERICKSON, Circuit Judge.

This appeal concerns the distribution of Mary Moore Stiny's share of a marital trust estate where the named beneficiary, Della Moore, predeceased Mary Stiny. Della Moore's children reached an agreement with the estate's trustee to distribute Mary Stiny's share to them. The district court[1] denied approval of the settlement, finding it was an improper modification of the trust because the trust unambiguously provided that if Della Moore predeceased Mary Stiny, then Della Moore's share would be distributed proportionally to the named beneficiaries in the trust, which did not include Della Moore's children. Della Moore's children appeal, arguing the trust is ambiguous and, even if it were unambiguous, the district court should have allowed modification of the trust. We affirm.

## I. BACKGROUND

Elijah and Mary Stiny created a trust (the "Trust"), which provided that upon one of their deaths, the trustee would divide the trust estate into two separate trusts—a Survivor's Trust and an Exemption Trust.[2] On the surviving spouse's death and after satisfaction of outstanding debts, the Trust directed the trustee to merge the

---

[1]The Honorable D. Price Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

[2]The Trust also provided for creation of a Marital Trust, but due to the size of the estate, the creation of a Marital Trust was not necessary.

separate trusts into the Exemption Trust. Then, the trustee was to divide the balance of the trust estate into two equal shares—one to be distributed to Elijah Stiny's relatives and the other to be distributed to Mary Stiny's relatives. As of August 14, 2024, the Trust totaled approximately $12 million in trust assets.

After Elijah Stiny's death, Mary Stiny amended the distribution terms for the Survivor's Trust. The First Amendment to the Survivor's Trust left the majority of Mary Stiny's share of the trust estate to her daughter, Rena Powell, and several grandchildren. In clause (viii), the First Amendment listed Mary Stiny's church as the beneficiary of a 2.66% share. In the event certain beneficiaries predeceased Mary Stiny, the First Amendment contained an anti-lapse provision, which provided: "In the event any beneficiary named in clauses (iii) through (viii) above, predeceases trustor, . . . such share shall be distributed to the predeceased beneficiary's living issue, by right of representation, and if no living issue, then reallocated equally among the other beneficiaries named in clauses (iii) through (viii), above."

In 2013, Mary Stiny amended the Survivor's Trust a second time to remove the church as the beneficiary of the 2.66% interest and replace it with Mary Stiny's mother, Della Moore. She also amended the Survivor's Trust to provide that if Della Moore "fails to survive [Mary Stiny], then this gift shall lapse." She further added "[e]xcept as otherwise provided" at the beginning of the anti-lapse provision, so that the anti-lapse provision only applied if she did not provide a different mode of distribution. Della Moore died in 2017, and Mary Stiny died in 2019.

In the underlying trust litigation, the trustee filed a motion for approval of a proposed settlement of Della Moore's 2.66% share, explaining the provisions relating to Della Moore's 2.66% interest were "vague and potentially contradictory" and he had reached an agreement with eight of Della Moore's nine children and two of Mary Stiny's grandchildren to construe the Survivor's Trust as distributing Della Moore's share to her children. No one objected to the proposed settlement.

The district court denied the motion for approval. It found the unambiguous terms of the Survivor's Trust provided that Della Moore's share lapsed when she predeceased Mary Stiny, meaning the share should transfer to the named beneficiaries in the Survivor's Trust—not to Della Moore's issue. Cal. Prob. Code § 21111(b). The district court further held that by requesting distribution to Della Moore's issue, the settling parties were improperly proposing a modification to the Survivor's Trust. Only Della Moore's children ("the children") appeal. On appeal, the trustee defends the district court's decision.

## II.  DISCUSSION

### A.  Trust Interpretation

The children argue that because the Survivor's Trust was ambiguous regarding the distribution of Della Moore's share, they could resolve the ambiguity through settlement.[3] It is uncontested that California law applies in this action. Under California law, "[a]mbiguity exists when a contractual provision is susceptible of two or more reasonable constructions." Benach v. Cnty. of Los Angeles, 57 Cal. Rptr. 3d 363, 372 (Cal. Ct. App. 2007). The California Probate Code directs that "[t]he intention of the transferor as expressed in the instrument controls the legal effect of the dispositions made in the instrument." Cal. Prob. Code § 21102(a). The parts of a trust are to be construed "so as, if possible, to form a consistent whole." Cal. Prob. Code § 21121. Further, "[t]he words of an instrument are to receive an interpretation that will give every expression some effect, rather than one that will render any of the expressions inoperative." Cal. Prob. Code § 21120. California appellate courts review the interpretation of a trust *de novo*. Benach, 57 Cal. Rptr. 3d at 372.

---

[3]Because we find the Trust terms unambiguous, we need not address the argument that the children could resolve the ambiguity through settlement.

The Survivor's Trust unambiguously provides that Della Moore's share lapsed. California's Probate Code contains an anti-lapse provision, which provides, in relevant part: "[I]f a transferee is dead when the instrument is executed . . . the issue of the deceased transferee take in the transferee's place." Cal. Prob. Code § 21110(a). To avoid that default rule, a trust must "express[] a contrary intention." Cal. Prob. Code § 21110(b). The Survivor's Trust accomplishes that by stating Della Moore's "gift shall lapse" if she predeceased Mary Stiny. By providing that the gift lapses, the Survivor's Trust triggers the Probate Code's distribution for failed transfers in § 21111(b). That section directs that when a residuary gift[4] transferred to two or more persons lapses, "the share passes to the other transferees in proportion to their other interest in the residuary gift . . . ." Cal. Prob. Code § 21111(b). Because Della Moore's share lapsed, her share passed to the other named beneficiaries in the Survivor's Trust in proportion to their interests in the trust estate.

To find ambiguity, the children highlight the anti-lapse provision in the Survivor's Trust, which applies "in the event any beneficiary named in clauses (iii) through (viii) above, predeceases trustor." Because Della Moore is named in clause (viii), they contend the anti-lapse provision could be construed to apply to her share. This interpretation ignores the prefatory "except as otherwise provided . . ." language. Because the Survivor's Trust provides otherwise by stating that Della Moore's "gift shall lapse," the children's interpretation is untenable. The unambiguous terms specify that the anti-lapse provision does not apply to Della Moore's share.

In addition, the children's interpretation disregards Mary Stiny's express intention. The Survivor's Trust states, "Wife [Mary Stiny] has knowingly made no provision for her son, JOHN MOORE." John Moore would receive a portion of Della Moore's share if it were distributed to Della Moore's issue. Similarly, Mary Stiny did not include any of her siblings as beneficiaries, but under the children's

---

[4]The probate code provides that the transfer of all of an estate is a residuary gift. Cal. Prob. Code § 2111(c). And Della Moore's children concede that "Article Seven, Paragraph D(2) is the residuary clause of the Stiny Trust."

interpretation, all of her siblings—or their estates—would receive a portion of their mother's share.

While Mary Stiny could have amended the anti-lapse provision in a manner that would have made it clearer that the anti-lapse provision did not apply to Della Moore's 2.66% share, that possibility does not render the terms ambiguous. Instead, the burden on the party claiming ambiguity is to show that the written provision is "susceptible of two or more reasonable constructions." Benach, 57 Cal. Rptr. 3d at 372. Here, the children have failed to show their interpretation is reasonable because it both fails to give effect to language in the Survivor's Trust and it disregards Mary Stiny's express intention by allowing a distribution to John Moore, who Mary Stiny expressly excluded.

### B. Trust Modification

The children also contend the district court had authority to modify the Trust. The California Probate Code provides: "[I]f all beneficiaries of an irrevocable trust consent, they may petition the court for modification or termination of the trust." Cal. Prob. Code § 15403(a). However, "[i]f the continuance of the trust is necessary to carry out a material purpose of the trust, the trust cannot be modified or terminated unless the court, in its discretion, determines that the reason for doing so under the circumstances outweighs the interest in accomplishing a material purpose of the trust." Cal. Prob. Code § 15403(b). Under California law, whether all beneficiaries consented within the meaning of § 15403(a) is reviewed *de novo*, but the application of subdivision (b) is reviewed for an abuse of discretion. Boys & Girls Club of Petaluma v. Walsh, 87 Cal. Rptr. 3d 413, 419 n.5 (Cal. Ct. App. 2008).

First, the named beneficiaries did not meet the consent requirement in § 15403(a). The district court construed the motion for settlement approval as a petition for modification. When the trustee filed the motion for settlement approval, only two of the named beneficiaries had agreed to the proposed settlement, and none of the named beneficiaries joined in the motion for settlement approval. Only after

-6-

filing the motion for settlement approval did all named beneficiaries receive notice. The children argue the named beneficiaries' failure to object to the motion after receiving notice constituted consent. But § 15403(a) only allows the beneficiaries to file a petition "if all beneficiaries of an irrevocable trust consent." In other words, the plain language of § 15403(a) requires consent before filing the petition. The named beneficiaries' failure to object after the children filed the motion does not meet the plain language of § 15403(a).

Even so, the district court declined to modify the Trust under § 15403(b) on the grounds that the reasons provided for modifying the Trust did not outweigh the interest in accomplishing a material purpose of the Trust—Mary Stiny's distributive intent. Rather than distribute her share of the trust estate to her descendants in a *per stirpes* fashion, Mary Stiny enumerated each beneficiary and his or her share. She designated larger shares for certain grandchildren, omitted one grandchild altogether, and expressly stated she was making no provision for her son. Further, the presence of a spendthrift clause shows Mary Stiny's distributive intent was a material purpose of the Trust.

Notwithstanding Mary Stiny's distributive intent, the children contend the district court should have modified the trust to promote family harmony. They cite a no-contest clause to show family harmony was important to Mary Stiny. Notably, the no-contest clause seeks to prevent voiding, nullifying, or setting aside any provision of the Trust. The children's proposed settlement would nullify the direction that Della Moore's gift lapses if she predeceased Mary Stiny and the distribution of shares of the estate to specific beneficiaries in specific proportions. The district court did not abuse its discretion in finding family harmony did not outweigh the overriding purpose of the Survivor's Trust.

Finally, the children assert they could circumvent § 15403 by agreement. But their assertion contradicts the plain language of § 15403, which requires agreement before petitioning for modification. The court's decision in Breslin v. Breslin, 276 Cal. Rptr. 3d 913 (Cal. Ct. App. 2021), which the children rely on, is distinguishable

-7-

from the circumstances here. In <u>Breslin</u>, settlement was reached at a court-ordered mediation. <u>Id.</u> at 916. <u>Breslin</u> does not convince us that California law allows § 15403 to be circumvented in the manner proposed by the children.

## III.  CONCLUSION

We affirm the judgement of the district court.

_____